ROBERT J. DOLAN, Plaintiff-Appellant, *v.* DR. M. A. GALLUZZO, Defendant-Appellee.

Second District    No. 77-308

Opinion filed August 1, 1978.

Alex M. Abate, of O'Brien, Healy, Wade, Abate & McNamara, of Rockford, for appellant.

Kenneth W. Traum, of Thomas, Kostantacos, Traum & Reuterfors, of Rockford, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an interlocutory appeal brought on the application of both parties in a professional malpractice action. The cause arises from an osteotomy (the surgical cutting of a bone) performed upon the plaintiff's left foot by the defendant podiatrist. The procedure was conducted in the defendant's office under local anesthesia and certain post-operative therapeutic measures were then prescribed by the defendant.

It is alleged that the defendant acted negligently before, during and after the performance of the osteotomy. In addition, the plaintiff alleges that the defendant did not obtain his informed consent to the procedure due to an alleged concealment by the defendant of the complications which might arise from an osteotomy. He further alleges that the concealment was a proximate cause of his damages.

Pretrial discovery in this matter disclosed to the defendant that the plaintiff had been examined and treated by various physicians and orthopedic surgeons subsequent to the osteotomy. It was also disclosed to the defendant that those physicians would, in all probability, be called to testify for the plaintiff as expert witnesses. The defendant thereupon submitted a motion in limine requesting that the court exclude all testimony by any physician or orthopedic surgeon which might be offered by the plaintiff to prove the elements of his case. The motion was supported by defendant's affidavit which stated that to his personal knowledge, podiatrists were in significant and substantial disagreement with physicians and orthopedic surgeons as to the correct and proper procedures for treating the plaintiff's original condition. The assertions of the affidavit were not rebutted by the plaintiff and, indeed, he admits that the disagreement between the professions is "considerable." After the presentation of extensive oral and written argument, the trial court denied the defendant's motion on the grounds that it was "overbroad." The defendant then made a motion in limine wherein he prayed for the exclusion of all testimony by physicians and surgeons regarding the

standard of care owed by the defendant to the plaintiff; the violation of any standard of care by the defendant; or the alleged failure of the defendant to properly advise the plaintiff about the foreseeable risks of the osteotomy. Additionally, the defendant requested that the court limit all expert testimony as to those issues to podiatrists only. As a result of the defendant's second motion, an order in limine was entered which reads, in pertinent part, as follows:

"A. That the Plaintiff, and his attorneys * * * are directed to refrain from presenting, * * * the testimony of any physician and surgeon for the purpose of proving the standard of care owed by a podiatrist to a patient.

B. That the Plaintiff, and his attorneys, * * * are * * * directed to refrain from presenting * * * the testimony of any physician and surgeon for the purpose of proving that the failure of this Defendant to advise this Plaintiff of the reasonable foreseeable risks of the procedure performed by this Defendant for this Plaintiff was or was not consistent with the standard of care owed by a podiatrist to a patient.

C. That in all other respects the Second Motion in Limine of the Defendant * * * is * * * denied."

As noted above, both parties to this action have joined in an application for an interlocutory appeal to this court. This is due to their mutual dissatisfaction with the present order in limine. The plaintiff is contending that the defendant's motion should have been denied in its entirety while the defendant contends that his motion should have been granted in its entirety. Since there is an apparent lack of applicable law on the issue in this State, and since it would materially advance the eventual resolution of the cause at hand, we have allowed this interlocutory appeal.

The basic issue before this court is whether, or to what extent, it would be unduly unfair or unjust for physicians or orthopedic surgeons to give expert testimony in a malpractice action brought against a podiatrist. The briefs of the parties and our own extensive research have revealed that this is a matter of first impression in this State.

In their briefs the parties have tendered voluminous arguments. Both the plaintiff and the defendant have argued extensively concerning the "same school of healing" doctrine of evidentiary limitation, which is applicable in various States, but not in Illinois. We do not find the arguments of either party to be either persuasive or germane to the issue before us, as the doctrine they are concerned with relates generally to intraprofessional rather than interprofessional differences.

More to the point, we find that the plaintiff contends that the ultimate issue in this malpractice action is the proper diagnosis and/or treatment of foot problems, an issue in which physicians, as expert witnesses, may

materially aid the court in its fact finding role. The defendant, on the other hand, contends that the primary issues are the standard of care owed by a podiatrist to his patient, whether that standard was violated and whether that particular violation caused the plaintiff's damages. We agree with the defendant's formulation.

■■■ The statutes of this State have long recognized podiatrists as a separate and distinct profession of healers who are severely limited in their practice and whose educational requirements are substantially different than those of physicians. (See Ill. Rev. Stat. 1975, ch. 91, par. 1 *et seq.*) Additionally, we are faced in this particular case with the fact, set forth in the defendant's affidavit, and admitted by the plaintiff, that the treatments utilized by the podiatric profession for the plaintiff's original illness are substantially different from those utilized by physicians and orthopedic surgeons. Therefore, we are of the opinion that the proper diagnosis and treatment of the plaintiff's foot problems by this defendant may be regarded only from the viewpoint of a licensed podiatrist of average competence, practicing in the same locality and under the same circumstances as the defendant, and not from the viewpoint of a physician or orthopedic surgeon. Information considered from such a viewpoint would establish or refute, in the mind of the finder of fact, the existence of liability for that particular form of negligence known as malpractice. Whether a physician or orthopedic surgeon would or would not have diagnosed the plaintiff's orginal illness in the same manner as a podiatrist, or whether a physician would have treated that illness either the same as or differently than a podiatrist, would be irrelevant and clearly prejudicial to the ultimate resolution of the controversy between these parties. This defendant has the right to have his competence judged by the standards of his own distinct profession and not by those of any other. See Annot., 80 A.L.R.2d 1278 (1961).

■■ On the other hand, we do note that a physician or orthopedic surgeon could offer competent, expert testimony as to their diagnosis of the plaintiff's present condition as well as their prognosis for his recovery. This testimony would be useful in measuring the existence or extent of damages, assuming that liability can be established. Therefore, we disagree with the defendant's contention that physicians and orthopedic surgeons should be totally excluded from offering their testimony in this case, just as we reject the plaintiff's contention that they should be allowed to testify for all purposes.

■■ For these reasons, it is our opinion that the order in limine entered by the trial court is essentially correct. However, the term "standard of care" used therein may be subject to honest misinterpretation by the plaintiff or his attorneys. Therefore, we find that term to mean those activities, practices, medications, therapeutic devices or surgical

procedures which a competent, licensed podiatrist, practicing in the same locality as the defendant, would have resorted to in treating the plaintiff's original illness.

■■ We also note that the order in limine entered in this case should, in fairness, be modified to allow for the presentation of a physician or orthopedic surgeon who is also a licensed podiatrist. While the record does not reflect that such individuals have been consulted by the plaintiff, we feel that he should not be precluded from presenting their testimony if they indeed exist.

Accordingly, it is our opinion that the order in limine entered in the trial court is affirmed as modified herein. The matter is remanded to the circuit court of Winnebago County for further proceedings not inconsistent with this opinion.

Affirmed with instructions and remanded.

BOYLE and WOODWARD, JJ., concur.